Caroline K. Simon, J.
Claimant moves for a severance and immediate trial of the first cause of action stated in its contract claim for damages to recover $61,211.54, the alleged undisputed balance due on that contract. The Attorney-General orally argued opposing the motion for severance but no affidavit in opposition was submitted nor was oral argument made by defendant’s counsel to refute the statements contained in claimant’s supporting affidavit.
The contract in question, FALTE 60-1 (HC 5344), was entered into on April 7, 1960 for the construction of a section of the Long Island Expressway situated in Nassau and Suffolk Counties. The contract was completed and accepted by the defendant and the contract price was thereafter adjusted and fixed by the defendant in the sum of $3,411,009.83. Prior to June 19, 1963 payments on account were made to claimant in the sum of $3,274,798.29, leaving an unpaid balance due and . owing as of that date in the sum of $136,211.54.
On June 19, 1963 defendant issued its check to the claimant in the aforesaid sum, and thereafter, on June 21, 1963, without notice to claimant, defendant stopped payment on this check. On July 19, 1963 claimant’s counsel made written demand for payment addressed to the Comptroller. On July 26, 1963 claimant was advised by counsel for the Comptroller that the check would not be released without authorization from the Superintendent of Public Works and the Attorney-General at whose request the stop order was stated to have been issued.
On July 31, 1963 claimant instituted a mandamus proceeding against the Comptroller in the Supreme Court, Albany County, to compel payment of the $136,211.54 represented by defendant’s check. On August 8 the mandamus proceeding was withdrawn and discontinued without prejudice by stipulation of the parties. *268 In the stipulation the defendant agreed to pay to claimant the sum of $75,000 on account. This sum was subsequently paid to claimant on September 3. The stipulation, a copy of which was attached as Exhibit “ E ” to claimant’s moving papers, further provided that the balance of $61,211.54 payment would be retained “until such time as evidence of alleged irregularities concerning the performance of petitioner corporation on the aforesaid contracts have been introduced to the additional October 1963 Grand Jury in and for the County of Suffolk; and in the event said Grand Jury returns ‘no true bill ’ against the subject corporation, then and in that event the State shall remit to the subject corporation the balance ”.
On the argument of the motion, the Attorney-General did not specify any reason for the stop payment order, but argued that the motion should be denied on the ground that the State would be unfairly prejudiced if an immediate trial of the severed cause of action were directed and that in any case the general practice of this court was to grant severances only upon the consent of the defendant. In answer to claimant’s reply that any prejudice could have been avoided by the proper and timely filing of a counterclaim under rule 14 of the Rules of the Court of Claims, which counterclaim defendant conceded had not been filed, the Attorney-General argued that such filing was obviated by the fact that all allegations contained in claimant’s original claim were deemed denied; that in any case it could move to interpose a, counterclaim at any time; and that more time was in fact required by State’s counsel to prepare its defense on the merits.
The issue raised: by the instant motion is whether the court has inherent authority to direct a severance independently of the consent of the defendant, and if so, whether the granting of the motion would be proper in this matter.
Subdivision 9 of section 9 of the Court of Claims Act provides that in the absence of contrary provisions contained in this act or rules of this court, or the Civil Practice Law and Rules, the practice in this court shall be the same as in the Supreme Court. There are no provisions concerning severance of causes of action or claims set forth in either the Court of Claims Act or rules of this court, and, therefore, the severance provisions contained in section 603 of the Civil Practice Law and Rules govern. That section provides: “ § 603. Severance and separate trials. In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue. The *269 court may order the trial of any claim or issue prior to the trial of the others.”
Thus the court is given discretionary power to grant a severance and a separate trial of issues as well as claims in the interests of convenience and to avoid prejudice. No limitation is stated requiring defendant’s consent as a prerequisite or necessary condition to the exercise of this discretionary power. The interests of defendant are entitled to and given proper consideration and the law makes clear that its rights are neither greater nor less than that of other litigants.
Having given careful consideration to the arguments of counsel, the court is satisfied that no prejudice to defendant will result in the granting of claimant’s motion. However, in order to protect defendant’s rights to develop its defense by appropriate pretrial procedures, the court directs that the trial of the severed cause of action be deferred until May 4, 1964. In so doing, the court believes that the interests of both litigants will be protected in that the State will have adequate time to prepare its defense and the claimant’s rights will not be jeopardized. It will remain for the trial court to determine whether any defense or counterclaim the State may seek to interpose is sufficient to deny claimant’s recovery of the sum in issue.